**STATE of Iowa, Appellee,**

v.

**Dale Leroy SNYDER, Appellant.**

**No. 68327.**

Supreme Court of Iowa.

July 20, 1983.

Patrick R. Grady, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Teresa Baustian, Asst. Atty. Gen., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON, and WOLLE, JJ.

LARSON, Justice.

This defendant appeals from his guilty-plea conviction of going armed with intent, Iowa Code section 708.8. He asserts that (1) the court erred in failing to state its reasons for the sentence, as required by Iowa Rule of Criminal Procedure 22(3)(d); and (2) the sentence was illegal because the court attempted (a) to specify the place of incarceration and (b) to allow the defendant to obtain an interstate prison transfer without placing him in the custody of the division of adult corrections. We affirm.

The defendant and the State entered into a plea agreement which was outlined to the court as follows: (1) the defendant would plead guilty to a charge of going armed with intent; and the State agreed to dismiss two other charges, to refrain from seeking a sentence as an habitual criminal, and to ask that the sentence in this case run concurrently with one already being served by the defendant; (2) the State agreed to assist the defendant in seeking transfer to a prison outside Iowa; and (3) if the defendant was unsuccessful in seeking out-of-state incarceration that the State would require the court to order that he serve time in the reformatory at Anamosa, rather than the Fort Madison Penitentiary.

The sentencing court agreed to be bound by the plea agreement and incorporated the terms of the agreement in its sentence. See Iowa R.Crim.P. 9.2–.3. No claim is made that the State breached the plea agreement. Nor is it claimed that the guilty plea was defective on the ground the defendant was promised more than the State or the court could deliver, as it was claimed in Boge v. State, 309 N.W.2d 428 (Iowa 1981).

I. *Failure to State Reasons for Sentence.*

In *State v. Luedtke,* 279 N.W.2d 7, 8–9 (Iowa 1979), we held that failure of a sentencing judge to state the reasons for imposing a sentence of incarceration, as required by Iowa Rule of Criminal Procedure 22(3)(d), deprived the appellate court of adequate means of resolving a claim of abuse of sentencing discretion. In that case we ordered vacation of the sentence and a remand for resentencing.

In cases where a court *has* no discretion, however, we have held that failure to state reasons for a sentence does not require remand for a statement of reasons. See, e.g., *State v. Hemminger,* 308 N.W.2d 17, 21 (Iowa 1981) (first-degree robbery conviction; sentence of imprisonment mandatory under Iowa Code sections 902.7, 902.9, and 907.2). Also, when there is limited discretion in sentencing, based upon the particular crime for which the defendant has been convicted, and the court has imposed the minimum sentence provided for, we have held no remand is necessary for a statement of reasons. See *State v. Matlock,* 304 N.W.2d 226, 228 (Iowa 1981).

In the present case, the plea agreement contemplated that the defendant would be imprisoned for the offense. The court approved the plea agreement and incorporated it in the sentence. The sentence of imprisonment was therefore not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement. Under these circumstances, the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose. The rationale of rule 22(3)(d) is inapposite, and any failure by the court to furnish reasons for the sentence was harmless. See *Matlock,* 304 N.W.2d at 228. We say again, as we did in *Matlock,* however, that the better practice is for the court to state reasons in every case, even those in which it has no discretion. *Id.*

II. *The Order for Imprisonment.*

Iowa Code section 901.7 establishes the procedure for incarceration:

In imposing a sentence of confinement for more than one year, the court shall commit the defendant to the custody of the director of the division of adult corrections.... The court shall make such order as is appropriate for the temporary custody of the defendant pending the defendant's transfer to the custody of the director. The court shall order the county where a person was convicted to pay the cost of temporarily confining the person and of transporting the person to the state institution where he or she is to be confined in execution of the judgment.

Actual placement of the prisoner is provided for in section 902.5:

The director of the division of adult corrections shall determine the appropriate place of confinement of any person committed to the director's custody, in any institution administered by the director, and may transfer the person from one institution to another during the person's period of confinement.

In this case, the sentencing order of March 2, 1982, adjudged the defendant guilty of going armed with intent and sentenced him to a term not to exceed five years. The sentence was to run concurrently with one the defendant was already serving. It then provided that "the Defendant is committed into the custody of the Director of the Division of Adult Corrections, State Department of Social Services, and the Sheriff is directed to deliver the Defendant into said Director's custody at the Reception Center at the Iowa Men's Reformatory, Anamosa, Iowa." This provision of the sentencing order tracks the language of Iowa Code section 901.7 and is not challenged. The sentencing order, however, further provided:

(4) That the Defendant, Dale LeRoy Snyder, is hereby given thirty (30) days from March 2, 1982, in which to make arrangements for transfer to a penal institution outside of the State of Iowa, under the provisions of the Interstate Compact; that if such arrangements have not been completed by April 2, 1982, the Defendant, Dale LeRoy Snyder, shall forthwith be delivered by the Sheriff of Winneshiek County, Iowa, to the Reception Center at the Iowa Men's Reformatory at Anamosa, Iowa;

and

(6) That if the Defendant, Dale LeRoy Snyder, receives approval to be transferred to a penal institution outside of the State of Iowa prior to April 2, 1982, he shall be immediately transferred to said penal institution as soon as that approval is granted.

The defendant contends the sentence was illegal because, while it was tailored to the plea agreement and was an apparent attempt to abide by the defendant's own desire to avoid confinement at Fort Madison, some of the provisions exceeded the court's authority. He asks that the case be remanded for resentencing. His theory apparently is that while he initially agreed to the sentencing terms, the result was a void sentence, and his present complaints cannot be said to have been waived.

Specifically, he claims the court lacked authority to determine the place of confinement, in view of Iowa Code section 902.5 (place of confinement to be determined by director of adult corrections division) and that it lacked authority to attempt an out-of-state transfer (apparently under Iowa Code chapter 218B) without first transferring custody to the director.

The defendant cites *Boge v. State,* 309 N.W.2d 428. In *Boge,* the defendant was initially sent to Anamosa but was later transferred to Fort Madison. He claimed the State had promised him, as part of the plea bargain, that he would serve his sentence at Anamosa. We found no such promise had been made and did not reach the question of whether the plea bargain had been broken by the State. We did not address the question of whether the sentence, which attempted to fix a place of confinement, was void under section 902.5.

■ Understandably, when a court incorporates into a sentence a plea bargain which the parties have not only approved but have, in fact concocted, it might not be as specific as in other cases. This appears to be the situation here. While the sentencing order could be read as attempting to fix the place of confinement, in violation of section 902.5, we do not construe it that way. Rather, it appears to be a provision for temporary custody pending final delivery of the defendant to the custody of the director of adult corrections. As such, it was proper under section 901.7 ("the court shall make such order as is appropriate for the temporary custody of the defendant pending the defendant's transfer to the custody of the director"). This construction seems to be consistent with the thrust of the plea agreement which anticipated thirty days, to attempt an out-of-state transfer, before the defendant was committed to either Anamosa or Fort Madison.

■ This raises the second specific challenge to the court's placement order. The defendant argues that the effect of the judge's order was an attempt to arrange an out-of-state transfer without first committing the defendant to the custody of the director of adult corrections. Iowa Code chapter 218B is the Iowa version of the Interstate Corrections Compact and provides for transfer of prisoners among the member states. Detailed procedures for transfer are not provided by the act, nor does it specify what agency or institution shall be responsible for implementing it. In referring to the parties charged with this responsibility, the act refers merely to "the duly constituted authorities" in a state. Iowa Code § 218B.2, article IV. We may assume, as the defendant argues, that the proper "authority" in Iowa is the director of adult corrections, since he is charged with custody. See §§ 901.7 and 902.5. If so, did the court's order here attempt to usurp that authority? Again, the sentencing order is not clear. Initially, the order directed custody to be in the director of adult corrections, as required by section 901.7. It then provided that the defendant "is hereby given thirty (30) days . . . in which to make

arrangements" for out-of-state transfer and that if approval for the transfer is received prior to the end of thirty days, "he shall be immediately transferred to said [out-of-state] penal institutions as soon as that approval is granted."

The obvious intent of the plea agreement, as incorporated in the sentencing, was to avoid incarceration at Fort Madison for at least thirty days. During that time, the defendant was to be either at Anamosa or, if approval was obtained, at an out-of-state institution. We view this provision of the sentencing order as one merely withholding final delivery of custody pending investigation of other alternatives. We see nothing in it which is inconsistent with chapter 218B, particularly in view of the lack of procedural specificity in that chapter.

We conclude the judgment is not void on any of the grounds urged.

AFFIRMED.