# IN THE COURT OF APPEALS OF IOWA

No. 13-1738
Filed July 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MANDELL CLARK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Kurt J. Stoebe,

Judge.


        A defendant appeals challenging the sentence imposed following his guilty

plea to assault with the intent to inflict serious injury.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney

General, Cori Kuhn Coleman, County Attorney, and Ricki Osborn, Former

County Attorney, for appellee.


        Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

Mandell Clark appeals the sentence the court imposed following his guilty plea to the offense of assault with the intent to inflict serious injury under Iowa Code sections 708.1 and 708.2(1) (2011). The written guilty plea, signed by Clark, stated he would receive a term of imprisonment of two years to be served consecutively to any sentence imposed in a criminal case that was pending in another county. The court imposed the sentence called for in the written guilty plea. On appeal he claims the court erred in failing to state on the record the reasons for imposing the sentence. The sentencing hearing was not reported.

In *State v. Snyder*, the supreme court stated where the court approves a plea agreement and incorporates the agreement into the sentence:

> [t]he sentence of imprisonment was . . . not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement. Under these circumstances, the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose. . . . [A]ny failure by the court to furnish reasons for the sentence was harmless.

336 N.W.2d 728, 729 (Iowa 1983). Clark recognizes this controlling authority, but cites to the *Synder* court's next statement that provides "the better practice is for the court to state reasons in every case, even those in which it has no discretion." *Id.* While this may be the better practice, we are bound by the holding in *Snyder.* Clark's sentence is affirmed because the district court was merely giving effect to the parties' agreement, and any failure of the court to state on the record the reasons for imposing the sentence was harmless. We affirm pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**