# IN THE COURT OF APPEALS OF IOWA

No. 14-1366
Filed May 20, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEANDRE IRBY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Stephen C. Gerard II, District Associate Judge.

Deandre Irby appeals from his sentence rising from a plea of guilty to assault causing injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Janet Lyness, County Attorney, and Kristin L. Parks, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, P.J.**

Deandre Irby appeals from his sentence arising from a plea of guilty to assault causing bodily injury. He asserts the district court was required to provide reasons on the record for its sentencing decision, even when the sentence imposed was in accordance with a plea agreement. We conclude that, pursuant to *State v. Snyder*, 336 N.W.2d 728 (Iowa 1983), the court was not required to do so; furthermore, its reasons, though terse, were sufficient. Consequently, we affirm Irby's sentence.

Following an attack on a fellow inmate, Irby pled guilty to assault causing bodily injury, in violation of Iowa Code sections 708.1 and 708.2(2) (2013). The plea agreement provided for Irby to be sentenced to a term of incarceration of 365 days, with all but 45 suspended. At an unreported hearing held on April 30, 2014, the court accepted the guilty plea and sentenced Irby in accordance with the written plea agreement. Upon acceptance of the agreement, in its order, the court stated: "The Court feels the foregoing sentence will provide the maximum benefit for rehabilitation of Defendant and for the protection of the community and should act as a deterrent to Defendant, and others, to any future offenses." Irby appeals, asserting the court erred in failing to state the reasons for imposing its sentence.

When reviewing a defendant's challenge to his sentence: "Depending upon the nature of the challenge, the standard of review is for the correction of errors at law or for an abuse of discretion . . . . Ultimately, we review a defendant's sentence for the correction of errors at law." *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006).

Our supreme court has held that when a sentence is imposed pursuant to a plea agreement, "the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose" and "any failure by the court to furnish reasons for the sentence [i]s harmless." *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Irby relies on *State v. Thompson*, 856 N.W.2d 915 (Iowa 2014), to support his argument that the court erred when failing to state the reasons for the imposition of its sentence. However, the *Thompson* decision is inapplicable, given that it held a defendant does not waive his right to challenge the sentence when the hearing is unreported. *Id.* at 729. Rather, *Snyder* and its progeny apply.

Here, the district court was giving effect to the agreement between Irby and the State, and therefore did not need to further explain its reasoning on the record. *See State v. Cason*, 532 N.W.2d 755, 757 (Iowa). Importantly, the plea was made part of the record, which makes it distinguishable from our supreme court's recent decision of *State v. Thacker*, __ N.W.2d __, 2015WL 1740556, at *7 (Iowa April 17, 2015) (holding when the plea agreement is not made part of the record, boilerplate language, standing alone, is insufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(d)). Consequently, we conclude the district court did not err in imposing the sentence to which Irby agreed in the plea bargain. *See State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989) (noting a "terse and succinct" statement provides sufficient reasoning).

For these reasons, we affirm Irby's sentence.

**AFFIRMED.**