# IN THE COURT OF APPEALS OF IOWA

No. 14-1695
Filed June 24, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BILLIE JOE MCROY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, John G. Linn, Judge.

Billie Joe McRoy appeals the sentence imposed following his guilty plea to domestic abuse assault, an aggravated misdemeanor.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Kelly Huser, Assistant Attorneys General, Amy Beavers, County Attorney, and Justin Stonerook, Assistant County attorney, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Billie Joe McRoy appeals the sentence imposed following his guilty plea to domestic abuse assault, an aggravated misdemeanor. McRoy claims the district court abused its discretion by failing to state its reasons for imposing the sentence from the negotiated plea agreement. We find district court gave effect to the parties' agreement and did not abuse its discretion in failing to state reasons for the sentence imposed. Accordingly, we affirm.

## I. Background Facts and Proceedings

The State initially charged Billie Joe McRoy with domestic abuse assault, a class "D" felony, in violation of Iowa Code sections 708.1, 708.2A(1) and 708.2A(4) (2013). On October 6, 2014, McRoy pled guilty to domestic abuse assault, an aggravated misdemeanor, a lesser-included offense. Pursuant to the negotiated plea agreement, the State recommended McRoy be sentenced to a term not to exceed two years in prison and pay a fine of $625. On October 8, the court entered judgment imposing the sentence pursuant to the plea agreement. In the entry, the court stated, "[T]he sentence of this Court [is] based upon the negotiations of the parties."

## II. Standard of Review

We review criminal sentences for errors at law. *State v. Hennings*, 791 N.W.2d 828, 833 (Iowa 2010). We will reverse the district court only where it is shown there was an abuse of discretion or an error in the sentencing procedure. *Id.*

**III. Discussion**

McRoy claims the court abused its discretion by failing to state statutorily acceptable reasons (pursuant to Iowa Code section 901.5) for imposing the sentence.

In *State v. Snyder*, our supreme court held that when a court approved a plea agreement and incorporated the agreement into the sentence,

> [t]he sentence of imprisonment was . . . not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement. Under these circumstances, the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose . . . . [A]ny failure by the court to furnish reasons for the sentence was harmless.

336 N.W.2d 728, 729 (Iowa 1983); *see also State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995); *State v. Clark*, No. 14-0263, 2015 WL 1332373, at *1 (Iowa Ct. App. Mar. 25, 2015).

Here, the court imposed the sentence pursuant to the plea agreement. It is clear from the record the sentencing court was merely giving effect to the parties' agreement. Under these circumstances, the district court did not abuse its discretion in failing to state with more specificity the reasons for the sentence imposed. Although it is better practice for a sentencing court to state its reasons in every case, it is not reversible error if the court fails to do so when it is not so required. *Snyder*, 336 N.W.2d at 729. Finding no abuse of discretion, we affirm.

**AFFIRMED.**