**IN THE COURT OF APPEALS OF IOWA**

No. 14-1565
Filed July 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WADE WALTER COLE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, Peter B. Newell,

District Associate Judge.


        Defendant appeals from his sentence for two counts of operating while

intoxicated and one count of child endangerment.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Joseph A. Fraioli, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant

Attorney General, Kasey Wadding, County Attorney, and Jill Dashner, Assistant

County Attorney, for appellee.



        Considered by Danilson, C.J., Vaitheswaran, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DANILSON, C.J.**

Wade Cole appeals from his sentence for two counts of operating while intoxicated and one count of child endangerment. He maintains the district court abused its discretion by failing to provide reasons on the record for the sentence imposed. Because we find the sentence imposed by the district court was the product of giving effect to the parties' plea agreement rather than the exercise of trial court discretion, any alleged failure to furnish reasons was harmless. We affirm.

**I. Background Facts and Proceedings.**

On July 22, 2014, Cole was charged by trial information with operating a motor vehicle without operator's consent and operating a motor vehicle while intoxicated.

The next day, Cole was charged by trial information with child endangerment, assault domestic abuse causing bodily injury, and a second count of operating a motor vehicle while intoxicated.

Cole later entered a plea agreement with the State in which he would plead guilty to both counts of operating while intoxicated and one count of child endangerment and the State would dismiss the remaining charges. Additionally, the agreement provided that the State would recommend one-year incarceration for each operating-while-intoxicated charge and two years of incarceration for the child-endangerment charge. Each sentence was to run consecutively for a total term of incarceration not to exceed four years.

On August 29, 2014, Cole entered guilty pleas pursuant to the agreement. The State informed the court it was "an agreed-to disposition" and explained the

parties' agreement as well as the reasons for the State's recommendations—including Cole's prior criminal record. The court stated:

> Mr. Cole, I'll go ahead and follow the plea agreements in this matter. I'll impose a one-year prison term on each of the charges of Operating While Intoxicated; two-year prison term on the Child Endangerment. I'll order that all of the charges run consecutive to each other, so you have a total sentence of four years.

The court closed the hearing by stating, "I think these sentences are appropriate based on your prior criminal history and the nature of these offenses." Additionally, the district court filed a written sentencing order that stated the imposed sentence was "for the protection of society, the rehabilitation of the Defendant, and the further reasons stated by the Court on the record . . . ."

Cole appeals.

## II. Standard of Review.

There are three different standards when a defendant challenges his or her sentence on appeal. *State v. Seats*, ___ N.W.2d ___, ___, 2015 WL 3930169, at *6 (Iowa 2015). "We use the abuse of discretion standard if the sentence is within statutory limits." *Id.* We review the court's determination to accept or reject a plea agreement for an abuse of discretion. *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). When the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable, an abuse of discretion occurs. *Id.* We review both the court's stated reasons made at the sentencing hearing and its written sentencing order. *See id.* at 919 ("The district court can satisfy this requirement [of stating on the record its reasons for selecting the particular sentence] by orally stating the reasons on the record or placing the reasons in the written sentencing order.").

**III. Discussion.**

Cole maintains the district court abused its discretion by failing to state reasons for the sentence imposed on the record. Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence." However, our supreme court has not uniformly enforced the rule.

In *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983), the district court had agreed to be bound by a plea agreement and incorporated the terms of the agreement into its sentence. The defendant appealed the sentence and argued—among other things—that the court erred in failing to state its reasons for the sentence. *Snyder*, 336 N.W.2d at 729. Our supreme court held that where the sentence of imprisonment was "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement," "the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose." *Id.* Thus, "any failure by the court to furnish reasons was harmless."[1] *Id.*

In *State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995), the district court was not bound by the parties' plea agreement, but our supreme court found the rationale of *Snyder* was applicable. Again, the supreme court held it was "clear from the record that the sentencing court was merely giving effect to the parties' agreement. Under these circumstances, we do not believe the district court

---

[1] Of course, "the better practice is for the court to state reasons in every case, even those in which it has no discretion." *Snyder*, 336 N.W.2d at 729.

abused its discretion in failing to state reasons for the sentence imposed." *Cason*, 532 N.W.2d at 757.

Recognizing it is dispositive, Cole asks us to reconsider whether district courts lack discretion when dealing with nonbinding plea agreements and ultimately to overrule *Cason*. However, "[w]e are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990); *see also State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."). Here, the sentence imposed by the district court was the product of giving effect to the parties' plea agreement and joint sentencing recommendation rather than the exercise of trial discretion. Under such circumstances, we see no benefit in reciting reasons. Cole and the State received the sentence they requested. Thus, any alleged failure to furnish reasons for the sentence was harmless. We affirm.

**AFFIRMED.**