# IN THE COURT OF APPEALS OF IOWA

No. 14-1424
Filed August 5, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARVIN LEWIS MABRY JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter

(plea) and Andrea J. Dryer (sentencing), Judges.


        A defendant appeals his sentence following his guilty plea to the charge of

stalking.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Bridget A.

Chambers, Assistant Attorneys General, Ralph Potter, County Attorney, and

Alisha Stach, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

Marvin Mabry appeals the sentence imposed following his guilty plea to stalking, in violation of Iowa Code section 708.11(3)(b) (2013), a class "D" felony, arising out of his repeated contact with the mother of one of his children, who was protected by a no-contact order. He claims the court abused its discretion when it did not suspend the sentence and when it failed to articulate reasons for running this sentence consecutive to the sentence he was serving in another matter. Having reviewed the record, we find no abuse of discretion in the district court's sentencing decision.

Mabry and the State entered into a plea agreement whereby Mabry would plead guilty to stalking, and both the State and Mabry would recommend to the court a suspended five-year term of imprisonment to be served consecutively to the sentence imposed following the revocation of Mabry's work release status.[1] The State also agreed not to proceed with the "habitual violator sentencing enhancement." The plea agreement was not binding on the court. The presentence investigation report recommended incarceration. In pronouncing the sentence, the court stated:

> Having examined the Presentence Investigation and all the information in it, I concur with that recommendation. I don't find a suspended sentence to be appropriate. I understand the State's reasons for its recommendation. I don't agree with the recommendation.
> . . . .
> I'm required to state on the record my reasons for selecting a particular sentence. As I said, I agreed with the Presentence Investigation's recommendations rather than the plea agreement

---

[1] Mabry committed the current stalking offense when he was on work release for a prior harassment conviction.

between the parties. Sir, the best thing that you can do for your daughter is to learn to treat her mother with respect and to set an example. And another thing that you can do for your daughter is you can learn to obey the laws of the community. You can learn respect for the laws of the community. When there's a no contact order and you are not to contact someone, you obey the law, you don't contact them. The best thing that you can do, as I said, for your daughter is to show her that you are to respect other people and other people includes the community as it speaks through its laws. Hopefully you will learn to do that. You will have some time to think about your actions before you're paroled.

Our review of a district court's sentencing decision is for an abuse of discretion. *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). Sentencing decisions have a strong presumption in their favor. *Id.*

The court gave adequate and appropriate reasons for not suspending the sentence despite the parties' plea agreement. We find no abuse of discretion on this ground.

A court must give reasons for imposing consecutive sentences. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010) ("Our rules of criminal procedure require a sentencing judge to state the reasons for a particular sentence on the record. This requirement includes giving reasons for imposing consecutive sentences." (internal citations omitted)). However, when the court is merely giving effect to the parties' plea agreement, the failure to furnish reasons is considered a harmless error. *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Also, where the court has no discretion in sentencing, the failure to state reasons for a sentence does not require a remand. *Id.* Here, a consecutive sentence

was agreed to in the plea agreement, and pursuant to Iowa Code section 901.8,[2] the court was required to run the sentence for the stalking conviction consecutive to the sentence in the prior case. *See Wayman v. State*, No. 13-1850, 2014 WL 7343428, at *3 (Iowa Ct. App. Dec. 24, 2014) (concluding a defendant was "confined" to a "detention facility or penal institution" as provided in section 901.8 while on work release requiring the court to impose consecutive sentences). The court's failure to state a reason to run the current sentence consecutive to the prior sentence was a harmless error that does not require a remand. We affirm Mabry's sentence.

**AFFIRMED.**

---

[2] Iowa Code section 901.8, provides in part, "If a person is sentenced for escape under section 719.4 or for a crime committed while confined in a detention facility or penal institution, the sentencing judge shall order the sentence to begin at the expiration of any existing sentence."