# IN THE COURT OF APPEALS OF IOWA

No. 16-1528
Filed May 3, 2017

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**JAMES PAUL SMITH,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Appanoose County, Daniel P. Wilson, Judge.

　　　A defendant appeals the sentences imposed by the district court following his pleas of guilty.  **AFFIRMED.**

　　　Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

　　　Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

James Smith asks to be resentenced following entry of judgment on his guilty pleas to four crimes. Because the district court adequately explained its reasoning on the record, we find no abuse of discretion in its sentencing decision. Accordingly, we affirm.

In the first six months of 2016, the State charged Smith with multiple crimes arising out of three different incidents. Smith eventually pleaded guilty to forgery, a class "D" felony, in violation of Iowa Code sections 715A.2(1) and 715.2(2)(a) (2016); second-degree theft, a class "D" felony, in violation of sections 714.1–.3; domestic-abuse assault while displaying a dangerous weapon, an aggravated misdemeanor, in violation of section 708.2A(1) and (2)(c); and assault on a peace officer, an aggravated misdemeanor, in violation of sections 708.1 and .3A(3). In exchange for Smith's pleas of guilty, the State agreed to dismiss the remaining charges.

The prosecutor detailed the agreement on the record at the plea hearing. For punishment, the parties agreed Smith would serve two indeterminate two-year prison terms for the aggravated misdemeanors, to be run concurrently, and two indeterminate five-year prison terms for the felonies, to be run concurrently. The two-year sentences would run consecutively to the five-year sentences.

Per Smith's request, the court proceeded with sentencing immediately and imposed terms in accordance with the plea agreement. Smith now argues the district court failed to provide sufficient reasons on the record for the chosen sentences.

Our review is for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* We consider a district court's sentencing decision "untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *See id.* (quoting *State v. Putman*, 848 N.W.2d 1, 8 (2014)).

At sentencing, the district court is required to "weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (quoting *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991)); *see also* Iowa Code § 907.5(1). In addition, the court must state on the record its reasons for selecting the particular sentence. Iowa R. Crim. P. 2.23(3)(d); *see also Hill*, 878 N.W.2d at 275 ("Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence . . . ."). The reasons "need not be detailed, [but] at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Barnes*, 791 N.W.2d 817, 828 (Iowa 2010) (quoting *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000)).

Even assuming the district court was required to provide reasons beyond giving effect to the parties' agreement, *see Thacker*, 862 N.W.2d at 410,[1] we find

---

[1] *Thacker* discussed the principle from *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983), and *State v. Cason*, 532 N.W.2d 755, 756–57 (Iowa 1995), that a statement of reasons for the sentence is not required where the decision to impose a prison term "was . . . not the product of the exercise of trial court discretion but of the process of

the court's on-the-record rationale sufficient here. First, the court explained it had considered its sentencing options under Iowa Code section 901.5 and then stated: "The sentence I'm about to impose in each of these counts or cases is that which I hope will eventually help lead towards your rehabilitation while at the same time protecting the community from further offenses by you and others."

Second, after admitting a document detailing Smith's criminal history—which spanned over twenty years and included convictions for assault, stalking, harassment, operating while intoxicated, and burglary—the court continued: "I have considered the information in the files that relates to your age, employment, family, education, and other background and circumstances. I have considered your prior criminal record, Mr. Smith, which as you know is rather extensive. It's reflected in State's Exhibit 1."

Finally, the court specified its reasons for imposing consecutive sentences, *see Hill*, 878 N.W.2d at 275, citing the agreement of the parties as well as the specific facts of the case—particularly the short span during which Smith committed the crimes and the number of victims involved.

Contrary to Smith's contention, this language was not "boilerplate." *See State v. Lumadue*, 622 N.W.2d 302, 304–05 (Iowa 2001) (holding boilerplate language—specifically, "a pre-printed 'Prison Order' which included the following statement: 'The Court has determined that this sentence will provide reasonable

---

giving effect to the parties' agreement." 862 N.W.2d at 408–09 (quoting *Snyder*, 336 N.W.2d at 729). *Thacker* advised that if a district court is merely giving effect to the parties' agreement and exercising no other discretion in sentencing, it must make the particulars of the plea agreement part of the sentencing record. *Id.* at 410. Our supreme court's analysis in *Hill*, 878 N.W.2d at 274, concerning reasons for consecutive sentences, does not appear to undermine this principle from the *Thacker-Snyder-Cason* line of cases.

protection of the public. Probation is denied because it is unwarranted.'"—was insufficient to satisfy what is now rule 2.23(3)(d)). Rather, the district court articulated reasons particular to Smith's circumstances for the sentences it imposed. *See id.* (remanding when written sentencing order did not include reasoning "relating to *this* offense, and *this* defendant's background"). The district court's on-the-record statements adequately explained its reasoning, and we find no abuse of discretion in its sentencing decision. Accordingly, we affirm Smith's sentences.

**AFFIRMED.**