# IN THE COURT OF APPEALS OF IOWA

No. 16-2210
Filed September 27, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MONTAVIOUS KENTRELL SMITH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Montavious Smith appeals from his sentence following entry of a guilty plea to failure to comply with the sex offender registry, second offense. **AFFIRMED.**

John W. Pilkington of Nidey, Erdahl, Tindal & Fischer, P.L.C., Marengo, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Montavious Smith appeals from his sentence following entry of a guilty plea to failure to comply with the sex offender registry, second offense. Smith claims the district court failed to state the reasons for the sentence imposed on the record, as required in Iowa Rule of Criminal Procedure 2.23(3)(d).

In December 2016, Smith was convicted and sentenced following a plea agreement for failure to comply with the sex offender registry, second offense. *See* Iowa Code §§ 692A.104, .105, .111 (2015).

Smith pled guilty to the failure-to-comply charge and consented to probation revocation in a separate case in exchange for "consecutive prison terms, five and five stacked for ten [years]," associated fines, fees, and court costs, and the State's agreement that no further charges would be pursued. During the plea colloquy, the court said, "There has obviously been a plea understanding here. Would one of you indicate for the record what it is." The plea agreement was recited on the record, and Smith requested immediate sentencing.[1] During the sentencing colloquy, the State repeated the plea agreement, and Smith's attorney said, "[S]ame recommendation." Without specifically reciting on the record that it was accepting the plea agreement, the court imposed the jointly-recommended sentence. The written order states that "the above sentence is the most likely to protect society and rehabilitate the

---

[1] Smith alleges in a footnote he was "not adequately advised" about the preparation and function of a presentence investigation report, but also asserts the record is inadequate for our review of that claim on this direct appeal. We agree the record is inadequate to consider the claim, and preserve it for a possible postconviction-relief action. *See* *Berryhill v. State*, 603 N.W.2d 243, 245–46 (Iowa 1999).

defendant based on the nature of the offense, defendant's prior record, and the recommendation of the parties."

Smith appeals.

We review challenges to sentences for abuse of discretion. *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). A court abuses its discretion if it acts on clearly untenable grounds or to an unreasonable extent. *Id.*

A sentencing court is required to state on the record its reasons for imposing a particular sentence. Iowa R. Crim. P. 2.23(3)(d); *see also* Iowa Code § 901.5. This statement creates a basis for an appellate court to decide abuse of discretion claims. *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Where a court has no discretion in selecting a sentence, failure to state the reasons for a sentence will not result in remand. *Id.* However, when a plea agreement is not present or has limited discussion on the record, failure to give reasons for a sentence will result in remand for the district court to examine whether the sentence gives effect to the agreement. *State v. Thacker*, 862 N.W.2d 402, 404, 409-10 (Iowa 2015).

In *State v. Snyder*, the Iowa Supreme Court held that when sentencing is based on a plea agreement there has been no exercise of discretion. 336 N.W.2d at 729; *see also State v. Cason*, 532 N.W.2d 755, 756–57 (Iowa 1995). Therefore, there is no purpose for the statement, and failure to give reasons for a sentence is harmless. *Snyder*, 336 N.W.2d at 729. In *State v. Cason*, the court also held that "the sentencing court was merely giving effect to the parties' agreement" and that no abuse of discretion occurred. 532 N.W.2d at 757.

During the plea colloquy, the district court was aware Smith was pleading guilty pursuant to a plea agreement and asked for its terms to be read on the record. The court asked Smith if he understood the agreement and Smith responded that he did. At the subsequent sentencing phase of the hearing, the court also asked for the sentencing recommendations of the parties. The State repeated the terms of the agreement as its recommendation, and Smith's counsel said, "[S]ame agreement." Smith declined to say anything in mitigation. Without further comment, the court imposed the jointly-recommended sentence. The order for judgment and sentence included "the recommendation of the parties" as one of the reasons for the sentence.

The record recitations of the plea agreement and joint recommendations of the parties, the imposition of the recommended sentence, and the reference to the recommendation of the parties in the written order are sufficient for us to find Smith's sentence gives effect to the plea agreement. Thus, we find no abuse of discretion.

**AFFIRMED.**