# IN THE COURT OF APPEALS OF IOWA

No. 18-1507
Filed March 20, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DARNELL HOLMAN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

Darnell Holman appeals his conviction following a guilty plea to assault causing bodily injury and the sentence imposed. **AFFIRMED.**

Amy Moore of Mid-Iowa Mediation and Law PLLC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Mullins, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Judge.**

Darnell Holman appeals his conviction following a guilty plea to assault causing bodily injury and the sentence imposed. He argues his trial counsel rendered ineffective assistance in allowing him to plead guilty absent a sufficient factual basis to support the charge and the court abused its discretion in sentencing him to reside in a residential correctional facility.

We review claims of ineffective assistance of counsel de novo. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). Holman must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). A factual basis is a prerequisite to the court's acceptance of a guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). If counsel allows a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is an inadequate factual basis to support the charge, counsel breaches an essential duty and prejudice is presumed. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). A factual basis exists when the record, as a whole, discloses facts to satisfy the elements of the crime. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "[T]he record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).

Holman was initially charged by trial information with domestic abuse assault while knowingly impeding the flow of air or blood in relation to an altercation "on or about" May 29, 2018. Pursuant to a plea agreement, Holman agreed to

plead guilty to a lesser charge of domestic abuse assault causing bodily injury. The minutes of evidence provide the following relevant facts. Holman and the victim were household members who resided together at the time of the assault. *See* Iowa Code § 708.2A(1) (2018); *see also id.* § 236.2(2)(a). On or about May 29, an altercation occurred, during which Holman forced the victim to the ground, put his hands around her neck, and punched her in the face, twice. *See id.* § 708.2A(1); *see also id.* § 708.1(2)(a). The victim suffered scratches to her neck, bruises, and a broken fingernail. *See id.* § 708.2A(2)(b); *see also State v. Taylor*, 689 N.W.2d 116, 135 (Iowa 2004) (defining bodily injury under chapter 708). In his written guilty plea and waiver of rights, Holman confessed he "cohabited with [the victim] in a romantic relationship within the last year," he "intentionally made physical contact with her which was painful and caused a mark on her skin (bodily injury)," and he "had no justification to do" so. Upon our review, we conclude Holman's guilty plea to domestic abuse assault causing bodily injury enjoys a factual basis and counsel did not render ineffective assistance in allowing him to plead guilty.

Next, Holman argues the district court abused its discretion in sentencing him to reside in a residential correctional facility. Holman's argument on this point is unclear, but he appears to take the position that the district court did not consider all relevant sentencing factors in imposing this requirement and therefore abused its discretion. Holman's written guilty plea and the written plea agreement were filed on the same date and time. The guilty plea waived his right to be present and to address the court at sentencing. The plea agreement called for Homan's residence in a residential correctional facility "until maximum benefits." Holman

claims he "never signed the plea agreement and there is no evidence he had accepted the terms of the agreement." On the signature line designated for the defendant is the word "plea," handwritten. The agreement was signed by defense counsel, but our record does not indicate who wrote "plea." The plea agreement called for what Holman complains was imposed. Holman does not claim his counsel had no authority to sign the agreement.

A court has the authority to accept or reject the terms of a plea agreement. *See* Iowa R. Crim. P. 2.10. But if a court approves a plea agreement and incorporates it in the sentence, the sentence then is "not the product of the exercise of trial court discretion, but of the process of giving effect to the parties' agreement." *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Because the court chose to approve the agreement and incorporate it in the sentence, it was not required to exercise its discretion, so we find no abuse of discretion. Further, however, we note the court's sentencing order recites "the following factors [are] the most significant in determining this sentence: the nature and circumstances of the crime; statutory sentence requirements; and the statement of plea agreement."

We affirm Holman's conviction and sentence.

**AFFIRMED.**