# IN THE COURT OF APPEALS OF IOWA

No. 18-1745
Filed December 18, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DANIEL LYNN SMITH,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.

Daniel Smith appeals his conviction of possession of methamphetamine with intent to deliver, second or subsequent offense, and the sentence imposed. **AFFIRMED.**

John Hardy, Des Moines (until withdrawal), and Nathan A. Mundy of Mundy Law Office, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Pursuant to a plea agreement, Daniel Smith pled guilty to second-or-subsequent offense possession of methamphetamine with intent to deliver. At the plea hearing, the State described the plea agreement to require the imposition of an indeterminate term of imprisonment not to exceed thirty years with a one-third mandatory mimimum[1] and that the mandatory minimum would be further reduced by one-third because Smith pled guilty but it would be not reduced any further.[2] Smith agreed with the State's recitation of the terms. Smith entered his plea and requested immediate sentencing. The court explained proceeding to sentencing would negate Smith's opportunity to challenge his plea for any reason by way of a motion in arrest of judgment and therefore preclude him from challenging the adequacy of his plea on direct appeal. Smith waived his right to file such a motion and the court proceeded to immediate sentencing. The court sentenced Smith in accordance with the terms of the plea agreement.

Smith now appeals. He first argues his plea was not entered voluntarily and intelligently because the district court did not advise him of the maximum fine. The State contests error preservation, arguing Smith's failure to file a motion in arrest of judgment waived his right to challenge the adequacy of his plea on appeal. *See* Iowa R. Crim. P. 2.8(2)(d). Smith argues he is excepted from the requirement that he file a motion in arrest of judgment to preserve error because he was not advised of the maximum fine before pleading guilty. The State's argument is the correct one; Smith has failed to preserve error on his guilty-plea challenge. He makes no

---

[1] *See* Iowa Code §§ 124.401(1)(b)(7), .411(1), .413, 901.11(1), 902.9(1)(b) (2018).
[2] *See id.* § 901.10(2).

claim that his counsel was ineffective in failing to preserve error. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules.").

Next, Smith argues the court abused its discretion in imposing his prison sentence. *See State v. Crooks*, 911 N.W.2d 153, 161 (Iowa 2018) (setting forth standard of review). Because the court adopted the terms of the plea agreement, the sentence imposed was "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Discretion cannot be abused if it is not exercised. We therefore reject Smith's challenge.

We affirm Smith's conviction and sentence.

**AFFIRMED.**