# IN THE COURT OF APPEALS OF IOWA

No. 18-1942
Filed December 18, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALEX GREGORY WELCH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, James M. Drew, Judge.

Alex Welch appeals the sentences imposed upon two felony drug convictions. **AFFIRMED.**

Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Alex Welch was charged by trial information with two counts of possession of methamphetamine with intent to deliver. The parties reached a plea agreement, which provided Welch would apply for drug court and the State's sentencing recommendation would depend on whether he was accepted into the program. If not accepted, the State would recommend two indeterminate terms of incarceration not to exceed ten years, to be served concurrently. If accepted, the State would recommend that the terms of imprisonment be suspended but served consecutively, with a condition of Welch's probation being completion of drug court. Welch tendered his pleas, and the court accepted them.

Welch was accepted into the drug-court program. At the subsequent sentencing hearing, the State accordingly recommended the imposition of two indeterminate terms of imprisonment not to exceed ten years and that they be suspended and served consecutively, with a condition of Welch's probation being completion of drug court. The defense requested the court to follow the State's recommendation. The court did so.

Shortly thereafter, the judicial district department of correctional services filed a report alleging numerous violations of the terms of Welch's probation.[1] Prior to a revocation hearing, Welch filed a notice of appeal. At the subsequent hearing, Welch stipulated to the probation violations. The State requested probation revocation and imposition of the original sentences. The court granted the request.

---

[1] The allegations included testing positive for methamphetamine, failing to attend drug court, and removing his ankle monitor.

On appeal, Welch argues the sentences imposed by the court amounted to an abuse of discretion because concurrent terms of incarceration would be sufficient to rehabilitate him and protect society, the sentencing court improperly failed to provide the rationale for its sentencing decision, and the court inappropriately failed to consider his rehabilitation and protection of the community.[2]  However, because the court adopted the terms of the plea agreement, the sentence imposed was "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement."  *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983).  Discretion cannot be abused if it is not exercised.  *See id.*  And, because "the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose," "any failure by the court to furnish reasons for the sentence was harmless."  *Id.*  Welch's buyer's remorse is insufficient to warrant relief.[3]  We affirm the sentences imposed.

**AFFIRMED.**

---

[2] We note this is not an appeal from the probation-revocation proceeding; it is a challenge to the original sentence imposed.  In any event, the appropriate avenue for pursuing such a challenge to revocation would be an application for postconviction relief.  *See* Iowa Code § 822.2(1)(e), (2) (2018); *State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975) (holding the postconviction-relief chapter is "the exclusive remedy for challenging revocation of probation").  *But see State v. Farmer*, 234 N.W.2d 89, 90 (Iowa 1975) (excepting revocation following deferred judgments from the general rule); *see also State v. Pherigo*, No. 18-0951, 2019 WL 6358302, at *1 (Iowa Ct. App. Nov. 27, 2019).

[3] *Cf. Crasper v. State*, No. 16-0595, 2017 WL 510948, at *2 (Iowa Ct. App. Feb. 8, 2017); *Puccio v. State*, No. 15-1850, 2016 WL 6636799, at *2 (Iowa Ct. App. Nov. 9, 2016); *State v. Barnhart*, No. 14-0950, 2015 WL 576358, at *2 (Iowa Ct. App. Feb. 11, 2015); *Bucklin v. State*, No. 06-1942, 2008 WL 375219, at *3 (Iowa Ct. App. Feb. 13, 2008).