# IN THE COURT OF APPEALS OF IOWA

No. 21-1292
Filed January 25, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TROY THOMAS STAUFFER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Jeffrey D. Bert,

Judge.


        Troy Stauffer appeals the agreed-upon sentences imposed pursuant to the

plea agreement.  **APPEAL DISMISSED.**


        Thomas Hurd of The Law Office of Thomas Hurd PLC, Des Moines, for

appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


        Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

Troy Stauffer pleaded guilty to a number of offenses[1] as a result of a global plea agreement involving four cases. The plea agreement included an agreed upon sentence, which the district court imposed and repeatedly noted its intent to follow the plea agreement. On appeal, Stauffer contends the court did not articulate its reasons for denying him probation. Having failed to show good cause for his appeal, his appeal is dismissed.

Stauffer is required to show good cause to pursue an appeal after pleading guilty. *See* Iowa Code § 814.6(1)(a)(3) (2021). In *State v. Damme*, our supreme court interpreted "good cause" as meaning a "legally sufficient reason." 944 N.W.2d 98, 104 (Iowa 2020). "By definition, a legally sufficient reason is a reason that would allow a court to provide some relief." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021). Here, the court accepted the plea agreement and sentenced Stauffer in accordance with the agreed-upon sentence. "Under these circumstances, the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose."[2] *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Stauffer got what he bargained for—he has not established good cause to appeal. *See State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (recognizing *Damme* only established good cause to challenge sentencing

---

[1] Stauffer pleaded guilty to domestic-abuse assault impeding airflow causing injury and assault causing bodily injury (FECR062827), third-degree burglary (FECR063576), eluding (AGCR062840), and fourth-degree criminal mischief (SRCR063163).

[2] In any event, the court *did* state reasons for the sentence—"the plea agreement of the parties, the ongoing pattern of law violations shown by the record, the need to protect the community and the victims, and general deterrence."

following a guilty plea when the sentence imposed "was neither mandatory nor agreed to in the plea bargain"). The appeal must be dismissed.

**APPEAL DISMISSED.**