# IN THE COURT OF APPEALS OF IOWA

No. 22-1388
Filed April 26, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DANIEL LEE KESSLER, SR.,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Pottawattamie County, Richard H. Davidson, Judge.

      Daniel Kessler appeals his sentence for second-degree theft. **AFFIRMED.**

      Daniel M. Northfield, Urbandale, for appellant.

      Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

      Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Daniel Kessler pleaded guilty in writing to theft in the second degree. His written guilty plea recited the plea agreement, which called for the State to recommend a five-year prison sentence and dismiss charges against Kessler in five separate pending criminal cases. The guilty plea specified it was an Iowa Rule of Criminal Procedure 2.10 plea agreement, permitting Kessler to withdraw his plea if the court did not accept the terms of the plea agreement. In his plea, Kessler waived his right to be present at sentencing and right to allocution, and he requested immediate sentencing. The district court accepted Kessler's guilty plea and sentenced Kessler in writing without a hearing. In conformity with the plea agreement, the court sentenced Kessler to an indeterminate term of incarceration not to exceed five years. Kessler appeals his sentence, contending the court did not provide reasons for imposing the sentence. He also argues he did not waive use of a presentence investigation report (PSI) at sentencing.

## I.     Jurisdiction

We first address whether we have jurisdiction to hear this appeal. A defendant who pleads guilty to a charge other than a class "A" felony does not have a statutory right to appeal unless the defendant can establish good cause. Iowa Code § 814.6(1)(a)(3) (2022). A defendant can establish good cause by challenging the sentence and not the plea itself. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). However, good cause to challenge a sentence is generally limited to a sentence that is neither mandatory nor agreed to as part of a plea agreement. *Id.*; *see also State v. Estabrook*, No. 22-1118, 2023 WL 2671954,

at *1 (Iowa Ct. App. Mar. 29, 2023) (dismissing appeal challenging sentence when the defendant received the agreed-upon sentence).

As Kessler received the sentence agreed to in the plea agreement, it appears at first blush that he has failed to establish good cause and we must dismiss his appeal, as the State contends we should do. But not so fast. In *State v. Wilbourn*, our supreme court found no impediment to a finding of good cause even though the defendant received an agreed-upon sentence when the defendant alleged an erroneous imposition of a fine that was not covered by the terms of the plea agreement. 974 N.W.2d 58, 66 (Iowa 2022). And, the supreme court has found good cause when the defendant received an agreed-upon sentence but there was a claimed defect in the sentencing procedure by an alleged denial of the defendant's right to allocution. *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022) ("Davis's challenge to the sentencing hearing and the subsequent sentence establishes good cause to appeal as a matter of right.").

Putting the concepts embodied in *Wilbourn* and *Davis* together, we conclude that a defendant establishes good cause even though the defendant received the agreed-upon sentence when there is a claimed defect in the sentencing procedure. As Kessler alleges, he did not waive his statutory right to a PSI prior to sentencing, he has alleged a defect in the sentencing procedure that establishes good cause despite the fact that he received the agreed-upon sentence. And, by getting his foot in the door by alleging a defect in the sentencing procedure, Kessler also gets to challenge the sentence itself, as we do not parse types of sentencing challenges once good cause is established. *See Wilbourn*, 974 N.W.2d at 66 ("We decline to parse or bifurcate the specific sentencing errors

alleged when determining good cause. An appellate court either has jurisdiction over a criminal appeal or it does not. Once a defendant crosses the good-cause threshold as to one ground for appeal, the court has jurisdiction over the appeal."). So, we find we have jurisdiction to hear Kessler's appeal, and we proceed to the merits.

## II. Standard of Review

We review sentences for correction of errors at law. *Id*. at 65. "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Damme*, 944 N.W.2d at 103 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).

## III. Analysis

Kessler raises two sentencing challenges. We address them separately.

### A. Waiver of Use of PSI

Kessler asserts he did not waive his right to use of a PSI at the time of sentencing, so he is entitled to resentencing. As Kessler pleaded guilty to a class "D" felony, the court is required to order a PSI, and the ordering of the PSI cannot be waived. *See* Iowa Code § 901.2(2)(b). However, use of the PSI can be waived. *State v. Thompson*, 494 N.W.2d 239, 241 (Iowa 1992) ("We believe there is a distinction between waiving the [PSI], prohibited under section 901.2, and waiving the trial court's use of the report.").

Kessler pleaded guilty in writing. In his written guilty plea, Kessler acknowledged, "I understand that I have the right to the preparation of a [PSI] and a delay of at least 15 days between the date this plea is entered and the date of sentencing." Kessler then waived his right to delay in sentencing, waived his right

to be present at sentencing, and requested the court to sentence him immediately. We find this to be an effective waiver of Kessler's right to use of a PSI at sentencing. Kessler expressed his knowledge that he was entitled to the preparation of a PSI. He also expressed his knowledge of his right to delay sentencing, which is the period of time during which the PSI could be prepared. By then waiving time between plea and sentencing, waiving the right to be present at sentencing, and asking for immediate sentencing, Kessler had to know he was also giving up his acknowledged right to consideration of a PSI, as there would be no time to prepare the PSI and make it available to the sentencing judge before the sentence was pronounced. As such, Kessler waived his right to use of a PSI, so we reject his challenge on this ground.

### B.      Reasons for Sentence

Kessler also challenges his sentence based on the alleged failure of the district court to state reasons for the sentence. While we agree that the court did not give reasons for the sentence imposed, we reject this challenge because Kessler agreed to the sentence.[1]

---

[1] We also reject Kessler's claim that, in his written guilty plea, he did not agree to the recommendation made by the State and that he only agreed that the State would make the designated recommendation. Kessler's plea spells out the State's recommendation. The plea also states Kessler's understanding that the plea agreement "is a RULE 2.10 plea agreement, which means that if the Court does not accept the plea agreement, I may withdraw my plea of guilty." *See* Iowa R. Crim. P. 2.10 (establishing a type of guilty plea whereby a defendant will receive an agreed-upon sentence or be allowed to withdraw the plea if the court is unwilling to impose the agreed-upon sentence). Kessler's claim on appeal that he did not agree to the State's recommended sentence contradicts his statement in his guilty plea that it was being entered under a rule 2.10 plea, as a rule 2.10 plea agreement requires a joint recommendation. Further, as Kessler waived his right to be present at sentencing, there would be no opportunity for Kessler to present a competing sentencing recommendation to that made by the State. Based on these

A district court's failure to adequately cite reasons for a sentence is ordinarily reversible error. *State v. Thacker*, 862 N.W.2d 402, 409 (Iowa 2015). However, there is no requirement to state reasons for a sentence when the sentence merely incorporates an agreed-upon sentence. *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). In such an instance, the sentence is "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement," and "the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose." *Id.* As a result, any failure by the court to give reasons for the sentence is harmless. *Id.* As the district court imposed the agreed-upon sentence, the failure to give reasons for the sentence does not warrant vacation of the sentence. That said, we repeat the advice of our supreme court "that the better practice is for the court to state reasons in every case." *Id.*

**AFFIRMED.**

---

considerations, we find Kessler agreed to join in the State's recommendation as stated in his written guilty plea. No other interpretation of the written plea makes sense.