# IN THE COURT OF APPEALS OF IOWA

No. 16-1560
Filed September 27, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MICHAEL ANTHONY WILLIAMS,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

Defendant appeals the consecutive sentences imposed asserting the court failed to state reasons on the record. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Potterfield, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Michael Williams entered into a plea agreement with the State whereby he agreed to plead guilty to two charges: robbery in the second degree, a class "C" felony, in violation of Iowa Code sections 711.1 and 711.3 (2016); and burglary in the first degree, a class "B" felony, in violation of sections 713.1 and 713.3. Because of a change in the law and questions over the effective date of the change, the parties agreed to leave the imposition of a mandatory minimum sentence on the robbery charge to the discretion of the district court. *See* Iowa Code § 902.12(3) (allowing court discretion to impose mandatory minimum between one-half and seven-tenths of maximum term of person's sentence); *see also* 2016 Iowa Acts ch. 1104, § 8 (introducing discretion). The other elements of Williams's sentence, including that the sentences would be imposed consecutively, were incorporated in the parties' plea agreement.

At sentencing, the court heard argument on the mandatory-minimum question. The court imposed a five-year minimum sentence on the ten-year robbery sentence. Williams was additionally sentenced to an indeterminate term of twenty-five years for the burglary charge, along with fines, surcharges, and fees. The two prison sentences were ordered to run consecutively.

Williams now appeals. On appeal, he claims the sentencing court abused its discretion in sentencing him because the court failed to provide adequate reasons for adopting the plea agreement's recommendation that the sentences run consecutively. Our review of sentencing decisions is for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentence imposed in accordance with applicable statutes will be overturned only for an

abuse of discretion or a defect in the sentencing procedure. *State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983). An abuse of discretion occurs "when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003).

A sentencing court must state its reasons for imposing a particular sentence on the record. *See* Iowa R. Crim. P. 2.23(3)(d); *State v. McGonigle*, 401 N.W.2d 39, 43 (Iowa 1987). This includes its reasons for imposing sentences consecutively or concurrently. *See State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). The reasons "need not be detailed," but must provide "at least a cursory explanation" of the court's reasoning. *Id.*

Here, the court considered a number of factors in determining whether to impose a 50% or 70% mandatory minimum before deciding to impose the 50% minimum. The court stated: "I have also considered all sentencing options available to the defendant, especially in light of the plea agreement. I've considered the presentence report, the nature of the offense, and other matters that I've identified with regard to the discretion that I can exercise on the mandatory minimum." The court made no mention of discretion as to any other part of the plea agreement or sentence. The court went on to say, "The Court then is going to sentence the defendant in accordance with the parties' plea agreement," which the court then proceeded to do. Williams argues this was improper because the court failed to articulate its reasons for imposing consecutive sentences.

In support, Williams cites *State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016). In *Hill*, the defendant pleaded guilty to a failure to comply with sex-offender

registry requirements. *See* 878 N.W.2d at 271–72. At sentencing, Hill requested a suspended sentence; the State requested a two-year prison term to be served consecutive to his parole revocation. *See id.* at 272. The district court imposed the sentence requested by the State with no explanation. *See id.* The supreme court concluded this was error. *See id.* at 273–74. Williams argues his sentencing court's failure to state reasons, too, was an abuse of discretion mandating reversal.

We disagree. In *Hill*, the sentencing court was required to resolve a real dispute between the parties over the correct sentence. *See id.* at 272. Here, the district court was merely "giving effect to the parties' agreement," which does not require an exercise of discretion, only that the sentencing court "make the particulars of the plea agreement part of the sentencing record." *See State v. Smith*, No. 16-1528, 2017 WL 1733246, at *1 n.1 (Iowa Ct. App. May 3, 2017). This is a longstanding principle in our case law. *See id.* (citing *State v. Thacker*, 862 N.W.2d 402, 408–09 (Iowa 2015); *State v. Cason*, 532 N.W.2d 755, 756–57 (Iowa 1995); *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983)). *Hill* "does not appear to undermine this principle." *Id.* The court here made the particulars of the plea agreement part of the sentencing record, thereby meeting its obligation to explain its reasoning for imposing the sentence it chose. We find no abuse of discretion.

**AFFIRMED.**