# IN THE SUPREME COURT OF IOWA

No. 20–0257

Submitted December 15, 2021—Filed May 6, 2022

**STATE OF IOWA,**

      Appellee,

vs.

**KORKI RICOH WILBOURN,**

      Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Marshall County, John J. Haney, Judge.

The defendant seeks further review of a court of appeals decision affirming his sentence that adopted the parties' plea agreement. **DECISION OF COURT OF APPEALS VACATED; DISTRICT JUDGMENT AFFIRMED AND CASE REMANDED.**

Waterman, J., delivered the opinion of the court, in which Christensen, C.J., and Appel, Mansfield, McDonald, and Oxley, JJ., joined. McDermott, J., filed a dissenting opinion.

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

**WATERMAN, Justice.**

In this appeal, we must decide whether the defendant is entitled to resentencing. He was initially charged with multiple felonies including two counts of attempted murder and ultimately pleaded guilty to several drug offenses with the eight other charges dismissed in a plea agreement. The district court imposed the agreed thirty-year prison sentence with the mandatory minimum reduced by his guilty plea under Iowa Code section 901.10(2) (2019). He appealed on grounds the district court failed to consider its discretion for a lower mandatory minimum sentence under Iowa Code section 124.413(3), and a discrepancy between the fine stated orally at sentencing ($750) and in the written order ($5,000). He filed a pro se notice of appeal while represented by counsel notwithstanding Iowa Code section 814.6A (prohibiting pro se filings by represented parties), and his appellate attorney's subsequent notice of appeal was untimely.

We transferred the case to the court of appeals, which did not address the validity of the pro se notice of appeal but held it lacked subject matter jurisdiction to decide the appeal because the defendant failed to establish good cause to appeal an agreed sentence. Despite its perceived lack of jurisdiction, the court of appeals remanded the case for a nunc pro tunc order to correct the fine. We granted the defendant's application for further review.

On our review, we resolve the section 814.6A issue by allowing a delayed appeal under *State v. Davis*, 969 N.W.2d 783, 787–88 (Iowa 2022). The State does not contest good cause, and we conclude the discrepancy between the oral

and written fine establishes good cause to appeal his entire sentence under Iowa Code section 814.6. On the merits, we conclude that the defendant failed to show the district court abused its discretion by imposing the agreed prison sentence. We agree with the parties that the fine should be reset at $750 through a nunc pro tunc order on remand.

### I. Background Facts and Proceedings.

On September 4, 2019, a Marshalltown police officer heard three gunshots at 11:05 p.m. by 3rd Street and Madison. Officers responded to the scene and interviewed several women who reported that Korki Wilbourn had attacked and shot at them. Wilbourn's ex-girlfriend was one of the women. Wilbourn had assaulted her by pulling her hair and striking her in the back of her head five to six times. He then fired three shots at the other women, leaving a bullet hole in his ex-girlfriend's Honda. Wilbourn was arrested later that night. Police found packages of methamphetamine in Wilbourn's car. The methamphetamine was later measured to weigh a total of 17.62 grams.

On September 17, Wilbourn was charged by trial information with ten counts: two counts of attempted murder in violation of Iowa Code section 707.11; reckless use of a firearm in violation of section 724.30(1); going armed with intent in violation of section 708.8; intimidation with a dangerous weapon in violation of section 708.6; prohibited person in possession of a firearm in violation of section 724.26; possession of a controlled substance with intent to deliver in violation of sections 124.401(1)(*b*)(7), 124.413, and 124.401(1)(*e*); failure to affix Iowa drug tax stamp in violation of sections 453B.3,

453B.1(3)(*a*)(1), 453B.1(10), and 453B.12; assault causing bodily injury in violation of sections 708.1 and 708.2(2); and driving while revoked in violation of section 321J.21.

Wilbourn did not waive his right to a speedy trial and a trial was scheduled for December. On November 22, Wilbourn filed a motion for plea change because a proposed resolution had been reached. A plea hearing was scheduled for November 25. At the hearing, the district court rejected the guilty plea because Wilbourn "indicated his desire to engage in further discovery and not enter a guilty plea." The State promptly filed additional minutes of testimony, which included a drug chemistry report for 17.62 grams of methamphetamine, and Wilbourn requested the court schedule another guilty plea hearing. Neither party filed a written plea agreement.

On November 27, Wilbourn appeared for his second guilty plea hearing. The district court asked Wilbourn questions to ensure he was pleading intelligently and voluntarily, including confirming he had a chance to review the additional discovery submitted. The prosecutor disclosed the terms of the plea agreement on the record:

> The plea agreement is for Mr. Wilbourn to plead guilty to Count VII. That's the Class B possession with intent, methamphetamine, without the sentencing enhancement. It's a Class B felony. Also for him to plead to Count VIII. That's the D felony tax stamp. Those two are to be served consecutively for a total of 30 years, and in exchange for those pleas the State will dismiss the remaining counts of the Trial Information.[1]

---

[1]When the plea hearing began, Wilbourn's counsel informed the district court that his client intended to plead guilty to two counts and the rest would be dismissed pursuant to the plea agreement. For the possession of a controlled substance with intent to deliver charge,

Wilbourn and his counsel agreed that was their understanding as well. The court reminded Wilbourn that "the plea agreement isn't necessarily binding on the Court," which Wilbourn stated he understood.

The district court next reviewed the consequences of Wilbourn's plea.

> THE COURT: All right. I want to talk about the consequences of the offenses that you're pleading guilty to. [Possession of a controlled substance with intent to deliver], as we've mentioned earlier, Mr. Wilbourn, is a Class B felony. So that carries a maximum indeterminate prison sentence of 25 years and -- What was the plea agreement concerning the minimums that you're asking me to consider here . . . .
>
> [THE PROSECUTOR]: My understanding is that the 25 years has a mandatory minimum of one-third. However, that can be further reduced by one-third upon a plea of guilty.
>
> THE COURT: All right. So I wanted to make sure we're all on the same page here.
>
> [DEFENSE COUNSEL]: That's our understanding, Your Honor.
>
> THE COURT: You're not eligible for parole until you've served between one-half of one-third of the maximum indeterminate sentence and the maximum indeterminate sentence. They say that in a confusing way but basically one-third of the 25 years equals 8.3333 years, one-half -- one-half of 8.33 years is 4.167 years. So there's a mandatory minimum period of time that you would have to serve in prison before you would be eligible for parole.

The court then reviewed some additional consequences of the plea and asked the State if there were other consequences it should cover. The prosecutor said: "I'm looking at 901.10(2). My understanding is that the one-third could be reduced by up to one-third. I think you said one-half. Am I incorrect in that?" The court responded: "If I did, I misstated that. So that one-third could be

---

Wilbourn's counsel represented that "It's also my understanding that the -- there will be a reduction of the third -- of a third on that."

reduced by an additional one-third, and I think that's the -- I think the provision that the parties have agreed to. So if I previously misstated it, that is a correct statement." The court accepted Wilbourn's plea. Wilbourn did not file a motion in arrest of judgment. The department of correctional services filed a presentence investigation (PSI) report.

On January 6, 2020, Wilbourn appeared for sentencing. The district court asked the prosecutor, defense counsel, and Wilbourn if they all had enough time to go through the PSI report, and all answered affirmatively. The court asked the defendant if he objected to the use of the PSI report for sentencing and he said he had no objections. No party presented any additional evidence, no victim-impact statements were read or presented, and Wilbourn made no statement in allocution.

The State presented the joint sentencing recommendation:

On the B felony possession with intent to deliver, that is a 25-year term of incarceration with a mandatory minimum of one-third to be served. Due to Mr. Wilbourn's acceptance of responsibility, his guilty plea, the parties agree to recommend a reduction of that mandatory minimum by an additional one-third of that one-third.

The State informed the court that the parties agreed to the five-year term of incarceration for the failure to affix a drug tax stamp, to be served consecutively. In sum, "25 years on the B felony, five on the D, consecutive to each other, agree to a reduction of one-third of that mandatory minimum on the B felony." Defense counsel stated the State complied with the plea agreement and agreed with the recommendation. Defense counsel added, "I believe the one-third additional

reduction is under nine -- 901.10 if the court wanted that." Neither the court nor any party specifically mentioned Iowa Code section 124.413(3).

The court found Wilbourn guilty of each charge and sentenced Wilbourn as follows:

> I have considered all the sentencing options that are provided for in chapters 901 and 907 of the Iowa code, and my judgment -- and my judgment relative to sentence is based on that which will provide you the maximum opportunity to rehabilitate yourself while at the same time protecting the community from further offenses by you or others who are similarly situated, Mr. [W]ilbourn.
>
> I've considered your age, your education, your prior criminal history, your prior employment circumstances, your family circumstances. I've considered the nature of the offenses committed that you pled guilty for, the underlying facts that provided a basis for those two charges that you entered guilty pleas for. I've considered the need for community protection. I've considered the recommendation and the information -- the relevant and material information set forth in the presentence investigation report, the need to deter you and others similarly situated from committing offenses of the nature of the offenses that you've pled guilty for, your substance abuse history and the information that you provided at least to the PSI investigator regarding that. And I've also considered the recommendation that's been made here. This was a jointly recommended -- or a joint recommendation by the State and the defense pursuant to a negotiated plea agreement in this case.
>
> When I have considered all those circumstances, I believe that the negotiated plea agreement is appropriate, and I will impose the sentence that's been negotiated here today.
>
> Based thereon, to [possession of a controlled substance with intent to deliver] I will impose an indeterminate prison sentence of 25 years. I will recommend the reductions in the mandatory minimums of that sentence that has been negotiated as part of the plea agreement, which is basically a two-thirds reduction of that mandatory minimum I believe; one-third and one-third if I heard what the parties had recommended correctly.

The court also sentenced Wilbourn to an indeterminate prison sentence of five years for the failure to affix a drug tax stamp. The court orally pronounced

that it imposed a $750 fine for the drug tax stamp violation and suspended the fine. The court adopted the parties' recommendation for consecutive sentences. The court stated:

> I find that the reasons for my adopting the proposed and agreed upon and negotiated sentence and running these two counts consecutive are not only supported by the negotiated plea agreement but also by the reasons that I've set forth on the record in my considerations of those factors for imposing the sentence and giving you the maximum opportunity to rehabilitate yourself while also at the same time protecting the community and deterring you and others who are similarly situated from engaging in conduct which brought us here today.

The district court entered a written a sentencing order finding Wilbourn guilty of possession of a controlled substance with intent to deliver, without the sentencing enhancement of immediate possession or control of a firearm, in violation of sections 124.401(1)(*b*)(7) and 124.413, and failure to affix Iowa drug tax stamp in violation of sections 453B.3, 453B.1(3)(*a*)(1), 453B.1(10), and 453B.12. The written order imposed a $5,000 suspended fine on the drug tax stamp conviction. The court dismissed the remaining counts in the trial information pursuant to the plea agreement. The order sentenced Wilbourn to a twenty-five year and five-year indeterminate prison sentence, to be served consecutively. For the possession of a controlled substance with intent to deliver conviction, the order stated:

> [T]he Defendant is committed to the custody of the Director of the Iowa Department of Corrections for a term not to exceed 25 years. The Defendant shall be granted credit against that sentence for any time previously spent in custody because of his inability to furnish bail. The sheriff shall deliver the Defendant to the Iowa Medical and Classifications Center, Oakdale, Iowa. *The Defendant shall serve the mandatory minimum sentence described in Iowa Code Section*

> *124.413, reduced to the maximum extent possible described in Iowa Code Section 901.10(2).*

(Emphasis added.)

On January 15, the State filed a motion for a nunc pro tunc order because the Iowa Department of Corrections wanted clarification on Wilbourn's minimum sentence. The motion asked the district court to clarify the sentencing order to reflect the parties' mutual understanding that the conviction for possession of a controlled substance with intent to deliver "carries a mandatory minimum term of confinement of 1/3 of the maximum indeterminate sentence" under section 124.413 and "under Iowa Code [section] 901.10(2), this mandatory minimum term of confinement should be reduced by 1/3 considering that the Defendant entered a guilty plea in this matter." The motion did not specifically mention subsection 124.413(3). The court entered an order nunc pro tunc clarifying Wilbourn's sentence for possession of a controlled substance with intent to deliver:

> [T]he Defendant is committed to the custody of the Director of the Iowa Department of Corrections for a term not to exceed 25 years. The Defendant shall be granted credit against that sentence for any time previously spent in custody because of his inability to furnish bail. The sheriff shall deliver the Defendant to the Iowa Medical and Classification Center, Oakdale, Iowa. *Under Iowa Code 124.413(1), the Defendant shall not be eligible for parole or work release until he has served a minimum term of confinement of one-third of the maximum indeterminate sentence provided by law; however, pursuant to Iowa Code Section 901.10(2), as the Defendant has entered a guilty plea, this mandatory minimum term of confinement is reduced by one-third.*

(Emphasis added.) This order did not mention Iowa Code section 124.413(3).

On January 31, the defendant filed a pro se notice of appeal appealing the judgment. On February 3, Wilbourn's plea counsel filed an application for appellate counsel and transcripts on Wilbourn's behalf, referencing Wilbourn's pro se notice of appeal. The next day, the district court entered an order appointing the State Appellate Defender Office to represent Wilbourn and directing the preparation of the transcript. On February 6, Wilbourn's plea counsel filed a notice of withdrawal because "the appeal period ha[d] run." The State Appellate Defender's Office entered an appearance on February 25. Nearly eighteen months later, on August 16, 2021, Wilbourn's appellate counsel filed an additional notice of appeal and, on August 24, a motion for a delayed appeal.

In his appellate briefs, Wilbourn argued section 814.6 does not limit his ability to directly appeal sentencing errors or, alternatively, he has established "good cause" for his appeal under section 814.6, he "is entitled to a new sentencing hearing because the record establishes the district court was not aware it had the discretion to order Wilbourn's mandatory minimum sentence reduced up to one half" under sections 123.413(3) and 901.11(1), and the written judgment entry erroneously imposes a $5,000 fine because the district court orally pronounced a $750 fine for the drug tax stamp conviction at the sentencing hearing. The State argued Wilbourn is not entitled to a new sentencing hearing because the district court did not abuse its discretion when it imposed the parties' agreed prison sentence. The State acknowledged the district court erred in the written sentencing order by imposing a $5,000 fine for

the drug tax stamp conviction and agreed to a nunc pro tunc order to correct that clerical error.

We transferred the appeal to the court of appeals, which dismissed Wilbourn's appeal for lack of subject matter jurisdiction because he failed to demonstrate "good cause" under Iowa Code section 814.6. The court of appeals noted our precedent found good cause to appeal a sentence that was neither mandatory nor agreed to, but concluded good cause was lacking because Wilbourn had agreed to the sentence imposed. The court of appeals stated, "[T]he record is clear that the [district] court was adopting the parties' recommendation that Wilbourn's sentence be imposed pursuant to sections 123.413(1) and 901.10(2). The district court was not required to explicitly reject its discretion under sections 123.413(3) and 901.11(1)." The court of appeals decision remanded the case to the district court for entry of a nunc pro tunc order to correct the fine.

Wilbourn filed an application for further review, which we granted. We ordered supplemental briefing on the validity of Wilbourn's pro se notice of appeal under Iowa Code section 814.6A. *See* Iowa Code § 814.6A(1) ("A defendant who is currently represented by counsel shall not file any pro se document, including a brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings."). Wilbourn's supplemental brief argues we have subject matter jurisdiction because section 814.6A does not apply to a nonsubstantive filing such as a pro se notice of appeal, and, alternatively, requests a delayed appeal.

The State argues section 814.6A applies to pro se notice of appeals, but agrees we should grant a delayed appeal.

## II. Standard of Review.

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Id.* (quoting *Formaro*, 638 N.W.2d at 724). "Our appellate courts have held that a defendant need not first challenge a district court's abuse of discretion at the time of sentencing to have the matter directly reviewed on appeal." *State v. Gordon*, 921 N.W.2d 19, 22 (Iowa 2018).

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *Damme*, 944 N.W.2d at 105–06 (quoting *Formaro*, 638 N.W.2d at 724). When "a defendant does not assert that the imposed sentence is outside the statutory limits, the sentence will be set aside only for an abuse of discretion." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) (per curiam). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

### III. Analysis.

We first address our subject matter jurisdiction to hear the appeal. We grant Wilbourn's motion for delayed appeal, which resolves any issue over the validity of his pro se notice of appeal under Iowa Code section 814.6A(1). We next determine Wilbourn established good cause to appeal under section 814.6 based on the district court's sentencing error on the fine for the drug tax stamp violation. On the merits, we conclude Wilbourn failed to show the district court abused its discretion when it imposed a prison sentence he agreed to in the parties' plea agreement and joint recommendation.

**A. Pro Se Notice of Appeal.** Wilbourn filed a pro se notice of appeal while he was still represented by plea counsel. His appellate counsel later filed a motion for a delayed appeal. We need not determine whether his pro se notice of appeal is a nullity under Iowa Code section 814.6A because our resolution of this issue is governed by *Davis*, 969 N.W.2d at 787–88, where we allowed a delayed appeal under similar circumstances. The State agrees we should grant Wilbourn's motion for a delayed appeal, and we proceed by doing so.

**B. Jurisdiction Under Section 814.6.** Wilbourn is appealing his sentencing without challenging his guilty plea. We have held "that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *Damme*, 944 N.W.2d at 105; *see also State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). In *State v. Damme*, we held "that the good-cause requirement is satisfied in this context when the defendant appeals

a sentence that was neither mandatory nor agreed to in the plea bargain." 944 N.W.2d at 100. The court of appeals determined that Wilbourn failed to establish good cause to appeal his prison sentence because he had agreed to the sentence in his plea agreement.

But Wilbourn also appealed the written sentencing order that erroneously imposed a $5,000 fine for the failure to affix a drug tax stamp after the district court orally pronounced a $750 fine at the sentencing hearing.[2] The amount of the fine was neither mandatory nor something the parties agreed to in their plea agreement. On that basis, we hold Wilbourn met the good-cause requirement to proceed with his direct appeal challenging his sentence.

We decline to parse or bifurcate the specific sentencing errors alleged when determining good cause. An appellate court either has jurisdiction over a criminal appeal or it does not. Once a defendant crosses the good-cause threshold as to one ground for appeal, the court has jurisdiction over the appeal. *See id.* at 104 ("[W]e must determine when a defendant who pled guilty has *a legally sufficient reason to appeal.*" (emphasis added)). We may lack authority to consider all issues, but that is a different matter. *See id.* at 109 (explaining that we "lack[ed] authority to consider [the defendant's] ineffective-assistance-of-counsel claims on direct appeal"). We generally do not do partial dismissals of criminal appeals—such a procedure would be unwieldy and burdensome—and

---

[2]The State agrees that the district court should correct the discrepancy with a nunc pro tunc order on remand. Wilbourn has good cause to appeal his prison sentence notwithstanding the State's concession of error as to the fine. *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (holding defendant established good cause to appeal a sentencing error when the state conceded error).

we do not believe the legislature directed us to follow such an approach in Iowa Code section 814.6.

If good cause exists to challenge any sentencing error, then we also have jurisdiction to review other alleged sentencing errors as well. *See Davis*, 969 N.W.2d at 784–85, 788 (holding defendant established good cause to appeal alleged denial of right of allocution when the district court imposed a bargained-for sentence). We save for another day the question of whether good cause exists to solely appeal an agreed sentence without an accompanying sentencing error outside the scope of the plea agreement.

**C. Merits of the Appeal.** Wilbourn argues he is entitled to resentencing because in his view the district court was unaware it had discretion to reduce his mandatory minimum prison sentence by one-half under Iowa Code section 124.413(3), which provides,

> A person serving a sentence pursuant to section 124.401, subsection 1, paragraph "b", shall be denied parole or work release, based upon all the pertinent information as determined by the court under section 901.11, subsection 1, until the person has served between one-half of the minimum term of confinement prescribed in subsection 1 and the maximum indeterminate sentence prescribed by law.

Section 124.413(3) was not specifically mentioned by counsel or the district court at the sentencing hearing, nor is it cited in the sentencing orders. We must decide whether that omission requires resentencing when the prison sentence imposed was agreed to by the parties.

District courts are required to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(*d*). "[T]his requirement ensures

defendants are well aware of the consequences of their criminal actions" and gives "our appellate courts the opportunity to review the discretion of the sentencing court." *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (quoting *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014)). However, district courts are not obligated "to give its reasons for rejecting particular sentencing options." *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989); *see also Thomas*, 547 N.W.2d at 226 ("The fact the district court did not specifically mention the absence of mitigating circumstances is inconsequential since this court has recognized that the district court is not required to note them."). "The court need only explain its reasons for selecting the sentence imposed." *Russian*, 441 N.W.2d at 375. Here, the district court explained the reasons for imposing the prison sentence, including that the parties agreed to it. Was the failure to explicitly mention section 124.413(3) reversible error? No.

We acknowledge the plea agreement was not binding on the district court, which had discretion to apply section 124.413(3) to reduce the mandatory minimum sentence by one-half. "A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor . . . .' " *State v. Davison*, ___ N.W.2d ___, ___, 2022 WL 1120641, at *11 (Iowa Apr. 15, 2022) (quoting *Boldon*, 954 N.W.2d at 73). "But when the sentencing court fails to exercise discretion because it 'was unaware that it had discretion,' we typically vacate and remand for resentencing." *Id.* (quoting *State v. Moore*, 936 N.W.2d 436, 440 (Iowa 2019)). And Wilbourn has the burden to show "the district court was unaware of its discretion to apply a

lesser sentence and for that reason failed to exercise its discretion." *State v. Ayers*, 590 N.W.2d 25, 29 (Iowa 1999) (requiring resentencing when the district court erroneously exclaimed that it lacked discretion).

In our view, Wilbourn has failed to show the district court was unaware of its discretion under section 123.413(3). The court expressly stated it "considered all the sentencing options that are provided for in chapters 901 and 907 of the Iowa code." Section 901.11(1) specifically references section 124.413(3). The same judge discussed section 124.413(3) at the plea hearing. The court did not have to state out loud at the sentencing hearing that it declined to further reduce Wilbourn's sentence under that provision, although it would have been preferable for the court to say so. Unlike *State v. Ayers*, the court did not affirmatively exclaim that it lacked discretion under section 124.413(3). *See* 590 N.W.2d at 26–27.

Importantly, Wilbourn agreed to the prison sentence imposed by the district court. It is not an abuse of discretion for the court to impose a sentence consistent with the parties' plea agreement without giving additional reasons for rejecting other sentencing options. *State v. Cason*, 532 N.W.2d 755, 756–57 (Iowa 1995) (per curiam) ("We believe it is clear from the record that the sentencing court was merely giving effect to the parties' agreement. Under these circumstances, we do not believe the district court abused its discretion in failing to state reasons for the sentence imposed."). In *State v. Snyder*, the district court "approved the plea agreement and incorporated it in the sentence." 336 N.W.2d 728, 729 (Iowa 1983). "The sentence of imprisonment was therefore not the

product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *Id.* We concluded that "[u]nder these circumstances, the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose" and "any failure by the court to furnish reasons for the sentence was harmless." *Id.* More recently, in *State v. Thacker*, we reaffirmed our precedent holding that a court imposing an agreed sentence pursuant to a plea bargain need not give additional reasons. 862 N.W.2d 402, 408–09 (Iowa 2015).

In *Thacker*, we required a resentencing because the record was silent on the terms of the plea agreement. *Id.* at 410. By contrast, the parties recited the terms of Wilbourn's plea agreement and joint sentencing recommendation on the record. The district court expressly "impose[d] the sentence that's been negotiated here today" and went beyond to elaborate on other reasons it imposed the agreed sentence:

> [M]y judgment relative to sentence is based on that which will provide you the maximum opportunity to rehabilitate yourself while at the same time protecting the community from further offenses by you or others who are similarly situated, Mr. [W]ilbourn.
>
> I've considered your age, your education, your prior criminal history, your prior employment circumstances, your family circumstances. I've considered the nature of the offenses committed that you pled guilty for, the underlying facts that provided a basis for those two charges that you entered guilty pleas for. I've considered the need for community protection. I've considered the recommendation and the information -- the relevant and material information set forth in the presentence investigation report, the need to deter you and others similarly situated from committing offenses of the nature of the offenses that you've pled guilty for, your substance abuse history and the information that you provided at least to the PSI investigator regarding that. And I've also considered the recommendation that's been made here. This was a jointly recommended -- or a joint recommendation by the State and the defense pursuant to a negotiated plea agreement in this case.

We hold that resentencing is not required merely because the district court failed to specifically discuss why it did not apply section 124.413(3) to impose a sentence shorter than what the parties agreed to and jointly recommended pursuant to their plea bargain that dismissed four other felony charges against Wilbourn, including two counts of attempted murder.

**IV. Conclusion.**

For those reasons, we affirm Wilbourn's prison sentence. We remand for entry of a nunc pro tunc order to correct the fine suspended in the written sentencing order to $750 as orally pronounced at the sentencing hearing. The parties have agreed to entry of that order on remand.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT JUDGMENT AFFIRMED AND CASE REMANDED.**

All justices concur except McDermott, J., who dissents.

**McDERMOTT, Justice (dissenting).**

In the history of our court's jurisprudence, we've granted a request for a late-filed direct appeal in perhaps a half-dozen cases, and not once since 1987. Until last year, that is, when we really caught the bug.

Counting this case, in the past year we've now permitted late-filed appeals in *nine* different cases. Several of these cases (including this case) involve application of Iowa Code section 814.6A(1) (2019). That statute commands that "[t]he court shall not consider" filings made by defendants in criminal cases if the defendant is represented by counsel. *Id.* The pro se notice of appeal that Wilbourn filed in this case is thus ineffectual—we, as a court, cannot consider it—because he was represented by counsel when he made the filing. *See State v. Thompson*, 954 N.W.2d 402, 418–19 (Iowa 2021). By the time Wilbourn's lawyer filed a notice of appeal on his behalf— about eighteen months later—the appeal deadline had long since passed.

"The right to appeal is strictly governed by statute." *In re Melodie L.*, 591 N.W.2d 4, 6 (Iowa 1999). Appeal deadlines are jurisdictional. *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013). This means that our court doesn't have jurisdiction—the *power* to decide a case—when parties miss the prescribed appeal deadlines. If a party "is late in filing, by as little as one day, we are without jurisdiction to consider the appeal." *In re Marriage of Mantz*, 266 N.W.2d 758, 759 (Iowa 1978). Since both legal and pragmatic reasons dictate that we not take up the merits of appeals filed beyond the mandatory

deadlines, *see In re A.B.*, 957 N.W.2d 280, 301–05 (Iowa 2021) (McDermott, J., concurring in part and dissenting in part), I would not consider the merits as the majority does under our burgeoning "delayed appeal" jurisprudence.

Every published opinion of this court is precedential, and our reach for a nimble means of avoiding an unattractive result gives life to unforeseeable future applications that might be even more repulsive to the rule of law. Nothing about our recent dispensations suggests to me that we'll have the fortitude or inclination to enforce the appeal deadlines in difficult cases having now circumvented them of late so directly, and so consistently. I thus respectfully dissent (yet again) from the majority's grant of a late-filed appeal.

But this does not end the matter. The district court's disclosures to Wilbourn about his appeal rights under Iowa Rule of Criminal Procedure 2.23(3)(*e*) were nearly identical to those described in my dissents in *State v. Newman*, 970 N.W.2d 866, 872–75 (Iowa 2022) (McDermott, J., dissenting), and *State v. Davis*, 969 N.W.2d 783, 791–94 (Iowa 2022) (McDermott, J., dissenting). I would adopt the same rationale that I explained in those dissents, granting a writ of certiorari and holding that the district court was required to inform Wilbourn under rule 2.23(3)(*e*) at sentencing that only his lawyer could file a valid notice of appeal, consistent with section 814.6A. This failure, and the ensuing events that compounded and worked to hide its disclosure from Wilbourn until well beyond his appeal deadline, permit our review of this claim. The appropriate remedy in this situation is to remand to the district court for a prompt resentencing. At the resentencing hearing, the district court would be

required to include in its notice to Wilbourn information about *who* must file

any notice of appeal. If Wilbourn thereafter wished to timely pursue an appeal,

he would have that opportunity.